UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATARENA C.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C24-1663-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in April 1966, has a high school education, and has worked as a food server, animal caregiver, hair stylist, food deliverer, merchandiser, and telephone sales representative. AR 25, 207. Plaintiff was last gainfully employed in March 2022. AR 22.

On June 14, 2022, Plaintiff applied for benefits, alleging disability as of March 26, 2022. AR 205. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 20. After the ALJ conducted a hearing on February 15, 2024, the ALJ issued a decision finding Plaintiff not disabled. AR 20, 31.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since March 26, 2022.

**Step two**: Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; depression versus adjustment disorder with mixed anxiety and depressed mood; borderline personality disorder ("BPD"); and post-traumatic stress disorder ("PTSD").

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**: Plaintiff can perform light work with the following additional restrictions: she can occasionally stoop, kneel, crouch and crawl; she must avoid concentrated exposure to extreme cold, vibration, fumes, odors, dust gases and poor ventilation; must avoid commercial driving, working at unprotected heights and the operation of dangerous or heavy machinery; can understand, remember and carry out simple and detailed instructions that can be learned in under six months and can sustain concentration, persistence and pace to these simple and detailed instructions for two-hour intervals with normal breaks; can accept instructions from supervisors; can frequently interact with coworkers and the general public; and can adapt to occasional workplace changes.

**Step four**: Plaintiff can perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 22-31.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff appealed the final decision of the Commissioner

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

to this Court. Dkt. 4. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by improperly discounting the medical opinion evidence, improperly discounting Plaintiff's symptom testimony, incorrectly formulating the RFC, and that

the Appeal Council erred in its evaluation of newly submitted evidence. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Evaluating the Medical Opinions

The regulations applicable to this case require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues the ALJ erred in evaluating the opinions of her treating and examining mental health professionals.[3] Dkt. 17 at 6-8. The Commissioner argues the ALJ properly evaluated the supportability and consistency of the relevant medical opinions, and that her decision should be affirmed. Dkt. 13 at 4-5.

The ALJ considered the medical opinions of State agency consultants, AR 29-30 (citing AR 84-95, 97-104), and Kimberly "Forner," AR 30 (citing AR 433-34, 1340-42). The ALJ found the opinion of reviewing psychologist Beth F., PhD, to be persuasive. AR 29-30. She discounted the opinion of Kimberly "Forner" as unsupported and inconsistent with the overall medical record. AR 30.

The ALJ also evaluated a note from Olivia Maye Lin, MD, who Plaintiff seemingly asked to supply an opinion. *Id*. Dr. Lin wrote, "I took a look at your paperwork and unfortunately I

---

[3] Plaintiff cites pre-2017 case law to argue the ALJ erred in evaluating the medical opinions. Plaintiff applied for benefits in 2022, so the revised regulations apply, and "there is not an inherent persuasiveness to evidence from government consultants over a claimant's own medical source(s), and vice versa." *Woods*, 32 F.4th at 791 (cleaned up). Nor does Plaintiff point with specificity to which medical opinions she believes the ALJ incorrectly assessed. The Commissioner discussed this deficiency in his responsive brief, though the Court declines to find Plaintiff has waived any argument regarding the medical opinion evidence.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

won't be able to fill it out, as it requires me to attest that you have a total and permanent disability, which – both fortunately for you, and unfortunately for the paperwork – I don't think you have based on the symptoms we've chatted about so far.  What I might do is request your psychiatric care team to look over this paperwork and evaluate whether they might be able to fill it out for your PTSD." AR 905.  The ALJ found that this evidence, while not persuasive in establishing any restrictions, did not appear to be "suggestive of a disabling level of impairment." AR 30.

However, the record also contains the opinion of Tasmyn Bowes, PsyD.[4]  AR 430-36. While the ALJ cited a portion of Dr. Bowes's opinion, AR 433-34, there is no evidence that she considered the doctor's opinion. *See* AR 29-30.  She included citations to Dr. Bowe's opinion in the portion of her decision discussing Kimberly "Forner."  Kimberly Fortner is listed on reviewing doctor Holly Petaja's opinion, but Ms. Fortner is the referring disability specialist, not the doctor who completed the opinion.  AR 1340.  The Court cannot discern which portions of the ALJ's reasoning refer to Dr. Bowe's opinion and which refer to Dr. Petaja's, or if she intended to analyze the two opinions as one.  Unlike Dr. Petaja's opinion, Ms. Fortner's name does not appear anywhere in Dr. Bowes's opinion.  *See* AR 430-36.  While Dr. Petaja presents her reviewing opinion in a check-box form without supporting narrative, exam, or analysis, AR 1340, Dr. Bowes conducted an exam of Plaintiff in September 2022 and included substantial supporting evidence, including notes of her clinical interview, clinical findings, and a mental

---

[4] Plaintiff's counsel did not point to this opinion in her briefing, nor did she address the incorrect identification of Kimberly Fortner.  *See generally* Dkts. 17,18.  "Congress enacted . . . SSDI benefits provisions of the Social Security Act to protect vulnerable individuals from income insecurity." *Cooper v. Soc. Sec. Admin.*, 131 F.4th 995, 1018 (9th Cir. 2025).  While it is not this Court's job to find evidence to support parties' claims, to avoid irreparably punishing Plaintiff for counsel's lack of diligence, the Court has combed the complete record.  *See Dianna H. v. Comm'r of Soc. Sec.*, No. 3:24-CV-05630-TL, 2025 WL 1355379, at *3 (W.D. Wash. May 9, 2025).  The Court cautions counsel that similar inadequate briefing in the future may not be considered.

status exam in addition to opined limitations. AR 430-36. Dr. Bowes opined that Plaintiff had marked limitations in her ability to perform activities within a schedule, maintain regular attendance, be punctual, adapt to routine changes to work settings, communicate and perform effectively in a work setting, and complete a normal workday and work week without interruption from psychologically based symptoms. AR 433-34. As these limitations are greater than those included in the RFC, the ALJ's failure to consider this opinion is harmful and requires remand.

        **B.**    **The ALJ Erred in Evaluating Plaintiff's Testimony**

The ALJ considered Plaintiff's testimony and discounted it as contradicted by the medical evidence, including evidence of minimal treatment, and inconsistent with her daily activities. AR 28. The ALJ specifically pointed to evidence of normal mental status exams, improvement with treatment, and reporting only mild symptoms of anxiety and depression to providers. AR 28-29. Plaintiff argues the ALJ failed to account for the waxing and waning nature of mental health in her analysis of the medical evidence.

As it relates to her mental health, Plaintiff testified that her physical health worsened her mental health symptoms, and she worried that her previously problematic anxiety would return and so she began seeking mental health treatment again. AR 65. She testified that she wakes up with anxiety because of her dreams and that she is "falling apart" and will just "lay around in fear that I'm not going to make it." *Id*.

On a typical day she wakes up around 8 or 9 in the morning, makes breakfast, and feeds her dog and fish. AR 67. She then lays on a heating pad and does "what's called a lymphatic drain," to help with her pain. *Id*. She next gets up and does Tai Chi and other mobility exercises. *Id*. She has friends that help her when she takes her dog for a walk. *Id*. After she

makes lunch, she lays on her heating pad again until her dog needs something more. AR 68. She can do her own household chores. AR 71.

If she had to go to work, she thinks her mental health symptoms would cause her to sweat and lose concentration. AR 73. She struggles talking to people and needs to practice deep breathing or take medication to stay calm. *Id*. Her PTSD makes her scared to leave the house, she has low energy, and she has trouble sleeping. AR 73-74. Five-to-six days of the week she does not go anywhere, but she is able to take public transport to pick her friends up from the airport. AR 74-75. She has panic attacks. AR 76. When she has a panic attack she goes to the hospital for treatment. *Id*. She visited Hawaii in 2023 to correct her birth certificate, but otherwise stayed in her hotel room before cutting her trip short. *Id*.

The ALJ found that situational factors aggravated or caused Plaintiff's allegedly disabling mental health symptoms. AR 28. The ALJ supported this finding with Plaintiff's normal mental status exams and Plaintiff's minimal mental health treatment but does not elaborate on what these situational factors are. AR 28. While the mental status exams are largely normal,[5] it is unclear how these findings relate to Plaintiff's testimony of panic attacks or indicate that situational factors caused Plaintiff's symptoms. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (holding the ALJ erred in finding evidence of normal cognitive functioning contradicted Plaintiff's testimony where the overall record showed the claimant "continued to suffer frequent nightmares, hallucinations, social anxiety, difficulty sleeping, and feelings of hopelessness."). The records indicate that plaintiff consistently reported suffering

---

[5] AR 348 (June 2022, normal mental status exam), 354 (May 2022, normal mental status exam), 359 (April 2022, normal mental status exam), 363 (March 2022, normal mental status exam), 371, (December 2021, normal mental status exam), 435 (September 2022, dysphoric mood), 1236 (August 2023, anxious mood) 1268-69 (October 2023, anxious mood), 1302 (December 2023, anxious mood), 1326 (January 2024 anxious and depressed mood).

ORDER REVERSING THE COMMISSIONER'S
DECISION - 7

from nightmares, flashbacks, hypervigilance, and distrust of others due to her PTSD. AR 431, 433, 566, 581, 587, 592, 599, 603, 612, 693-95, 700, 1005, 1204, 1285, 1324-25, 1335.

Similarly, while the ALJ states Plaintiff "received minimal mental health care since alleging she became unable to work" the ALJ does not explain this finding or cite to a portion of the record which would support it. AR 28. The record shows that Plaintiff began seeking regular mental health treatment with Maricor Kristianne R. Coquia, MHC, in July 2022, AR 630, and continued to see her on a consistent basis through November 2023, at which point Ms. Coquia left and Plaintiff began seeing a different provider. AR 557-631, 1218-1338. Plaintiff's medication information indicates she was taking prescribed medication to help with her mental health beginning in November 2022. AR 740. The record does not support the ALJ's finding that Plaintiff received minimal mental health treatment.

As for activities of daily living, the ALJ found that, despite her impairments, Plaintiff was able to go camping, plan a trip to Hawaii, plan on taking sailing classes, garden, journal, spend time with friends, and host a music event, which the ALJ found contradicted Plaintiff's testimony of "social deficits and resulting inability to leave the house due to anxiety." AR 29 (citing AR 501 ("Pt was able to go on a camping trip"), AR 565 ("she was gifted a ticket to Hawaii (April 18 - May 10)[,]" and "[Plaintiff] is excited about all of the positive opportunities, including an invitation to host an event and to have recognition by a composer regarding her music."), AR 620 ("lives with a friend/roommate"), AR 718 ("'I think I want to learn sailing. The marina offers some classes. I like being next to the water.'")). But Plaintiff did not testify that she never leaves the house, but that she typically does not go anywhere, and that she has "a hard time being around people [she does] not know." AR 74-75, 279. Nor is discussing plans to

partake in activities the same as actually participating in them. Accordingly, on remand, the ALJ should reevaluate Plaintiff's symptom testimony as it relates to her mental health.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should evaluate the opinions of Dr. Bowes and Dr. Petaja, reevaluate Plaintiff's mental health symptom testimony, reevaluate the RFC, and proceed through the remaining steps of the analysis as appropriate.

Dated this 25th day of September, 2025.

S. KATE VAUGHAN
United States Magistrate Judge